IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARC NORFLEET, #R-57214, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 10-cv-626-JPG |
| ) | |
| ROGER E. WALKER, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff, an inmate currently in the Lawrence Correctional Center, was at the time relevant to this complaint in the Pinckneyville Correctional Center. He brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

1

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds that some of the claims in the complaint may be dismissed at this point in the litigation, and others are subject to severance.

**Facts:**

The following version of the facts of this case are gleaned from Plaintiff's complaint (Doc. 1). Plaintiff arrived at Pinckneyville on August 27, 2007, and was housed with other inmates who had disabilities. Pursuant to policy, Plaintiff and the other inmates with disabilities were allowed to shower once daily, either in the first or second shift, while other non-disabled inmates were permitted 3 separate opportunities to shower. Plaintiff wrote a grievance asking to be given equal shower opportunities as the non-disabled inmates, and as a result Defendant Wilson retaliated by creating a more restrictive ADA shower schedule, so that inmates with disabilities could only shower during a 45 minute period on the morning. Defendants Austin, Walker, and Benton signed off on this policy.

At some unspecified time later, Plaintiff wrote more grievances for unspecified offenses. Defendants Wingerter, Heck, Kisro, and Austin failed to answer these grievances in a timely fashion, so that Plaintiff had to wait nearly 4 months to receive responses to his grievances.

At some unspecified time later, Defendants Hill and David allowed Plaintiff's medications to expire, and Plaintiff wrote a grievance relating this incident. To retaliate, Defendants Hill and David charged Plaintiff a $2.00 co-pay, though inmates with chronic illnesses are exempt from such co-pays. Plaintiff filed a grievance concerning this conduct, but

Defendants Wingerter and Heck withheld the grievance until it became untimely.

Plaintiff's medication was renewed on December 24, 2007. Defendant Hill, who is in charge of administering medications, began altering Plaintiff's medication by crushing the time-release medications together, so that Plaintiff had to take the medication in a powder form all at once. Plaintiff wrote various grievances regarding this conduct, but Defendants Wingerter and Heck ignored them.

Plaintiff wrote another grievance in February 2008 regarding his treatment, and as a result was given a disciplinary ticket by an unnamed party. At Plaintiff's disciplinary hearing, Defendants Blades and Jordan refused to call Plaintiff's witnesses who would testify to the treatment. Plaintiff was found guilty at this hearing, and was sentenced by Defendants Blades and Jordan to six months segregation.

Defendants Austin and Hulick conspired to have Plaintiff transferred to Menard where he served 'significant hardship' solitary confinement in retaliation for the filing of grievances. While in Menard, Plaintiff complained about the conditions of his cell, stating that he had no hot water until August 2008, and that the doors lacked ventilation.

Plaintiff further complained that Defendants Austin, Durham, Cushman, and GoForth utilized an arbitrary policy denying Plaintiff access to outdoor basketball exercise because not enough ADA inmates wanted to attend yard. Plaintiff wrote a grievance regarding this policy, and Defendant GoForth refused to provide a detailed answer other than providing her officer stamp on the grievance. Defendant Hulick signed off on this grievance denial.

**Discussion:**

To facilitate the orderly management of future proceedings in this case, and in accordance

with the objectives of FED. R. CIV. P. 8(e) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1: Retaliation**

Plaintiff alleges that he was subject to various instances of retaliation. Specifically, the ADA shower schedule was altered after he filed a grievances complaining about it; he was charged a co-pay after he filed a grievance complaining that his medications were allowed to expire; and he was transferred to Menard to serve his segregation after filing many grievances.

**a. Shower Schedule**

Plaintiff alleges that Defendant Wilson retaliated against him by altering the ADA shower schedule to make it more restrictive, and that Defendants Austin, Walker, and Benton signed off on the change to further retaliate against Plaintiff. Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988).

Furthermore, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). Naming the suit and the act of retaliation is all that is necessary to state a claim of improper retaliation. *Id.* A complaint that provides a short, clear statement of the

relevant facts complies with the federal rules of civil procedure, and thus cannot be dismissed because it does not allege all facts necessary to clearly establish a valid claim. *Id.* Here Plaintiff has stated the reason for the retaliation: his grievance, and the retaliatory act: the restrictive shower schedule. Thus, Plaintiff has stated a proper claim for retaliation against Defendants Wilson, Austin, Walker, and Benton, and this Count against these Defendants cannot be dismissed at this time.

   **b. Co-pay**

Plaintiff alleges that at some unspecified time thereafter Defendants Hill and David retaliated against him by charging him a co-pay of $2.00 because he complained that they had allowed his medications to expire. This claim is discussed below under **Severance of Claims**.

   **c. Transfer**

Plaintiff alleges that, after being sentenced to segregation, Defendants Austin and Hulick conspired to have Plaintiff transferred to Menard in retaliation for his various grievances. "[P]risoners possess neither liberty nor property in their classifications and prison assignments. States may move their charges to any prison in the system." *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992), *citing Montanye v. Haymes*, 427 U.S. 236 (1976). *See also Meachum v. Fano*, 427 U.S. 215, 224 (1976) (the Constitution does not guarantee placement in a particular prison).

However, prison officials may not retaliate against an inmate for exercising his First Amendment rights, even if their actions would not independently violate the Constitution. *See Zimmerman v. Tribble,* 226 F.3d 568, 573 (7th Cir. 2000); *DeWalt v. Carter,* 224 F.3d 607, 618 (7th Cir. 2000) ("a prison official may not retaliate against a prisoner because that prisoner filed a

5

grievance"); *Babcock v. White,* 102 F.3d 267, 275 (7th Cir. 1996) (retaliatory transfer); *Higgason v. Farley*, 83 F.3d 807, 810 (7th Cir. 1996) (retaliation for filing lawsuit); *Murphy v. Lane*, 833 F.2d 106, 108-09 (7th Cir. 1987) (per curiam) (retaliation for filing suit).

Although Defendants Austin and Hulick are generally within their rights when they transfer inmates from one prison to another, when they do so in an attempt to retaliate against an inmate, the transfer is improper. Plaintiff alleges that his transfer was improperly motivated by Defendants Austin and Hulick's desire to retaliate against him. Because it is unclear at this point what motivated the transfer, this claim against Defendants Austin and Hulick cannot be dismissed at this time.

**Count 2: Indifference to Grievances**

Plaintiff next alleges that Defendants Wingerter, Heck, Kisro, Austin, GoForth, and Hulick showed indifference to his needs when they denied or delayed the disposal of his grievances. As to the denial of his grievances, a cause of action does not arise where a plaintiff files a grievance, and disagrees with the outcome. *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (plaintiff's argument that conspiracy by prison officials to deny administrative review of his grievances by dismissing them was frivolous where plaintiff had access to the grievance procedure but he did not obtain the outcome he desired). As to the delay of his grievances, Plaintiff does not have a protected interest in receiving speedy process when he files grievances. *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). Further, the Constitution requires no procedure at all in terms of inmate grievances, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982). Thus, although

6

Defendants Wingerter, Heck, Kisro, Austin, GoForth, and Hulick may have been slow to respond to Plaintiff's grievances, and ultimately decided them out of his favor, Plaintiff has not stated a claim upon which relief can be granted. Thus, this Count against Defendants Wingerter, Heck, Kisro, Austin, GoForth, and Hulick is dismissed with prejudice.

**Count 3: Indifference to Medical Needs**

Plaintiff next alleges that Defendant Hill was indifferent to his medical needs when she began crushing his time-release medications, forcing Plaintiff to consume them all at once in powder form. This Count is discussed below under **Severance of Claims**.

**Count 4: Due Process**

Plaintiff received a disciplinary ticket from an unnamed party, and was sent to a disciplinary hearing. During this hearing, Defendants Blades and Jordan refused to call Plaintiff's witnesses, and based on the evidence sentenced him to six months segregation. This Count is discussed below under **Severance of Claims**.

**Count 5: Eighth Amendment**

Plaintiff finally alleges that he was subject to cruel and unusual punishment when his cell in Menard did not have hot water and lacked ventilation. His Eighth Amendment rights were further violated when Defendants Austin[1], Durham, Cushman, and GoForth refused to allow him to attend outdoor basketball exercise because not enough ADA inmates wanted to attend yard. The Eighth Amendment prohibiting cruel and unusual punishment is applicable to the states through the Fourteenth Amendment. It has been a means of improving prison conditions that were constitutionally unacceptable. *See, e.g., Robinson v. California*, 370 U.S. 660, 666 (1962);

---

[1] Although Plaintiff includes Defendant Austin in this Count, he does not explain why Defendant Austin, who is the warden at Pinckneyville, had any input in the treatment of inmates at Menard.

*Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994). As the Supreme Court noted in *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981), the amendment reaches beyond barbarous physical punishment to prohibit the unnecessary and wanton infliction of pain and punishment grossly disproportionate to the severity of the crime .*Id.,* (*quoting Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). The Constitution also prohibits punishment that is totally without penological justification. *Gregg*, 428 U.S. at 183.

Not all prison conditions trigger Eighth Amendment scrutiny -- only deprivations of basic human needs like food, medical care, sanitation, and physical safety. *See Rhodes,* 452 U.S. at 346 ; *See also James v. Milwaukee County*, 956 F.2d 696, 699 (7th Cir. 1992). In order to prevail on a conditions of confinement claim, a plaintiff must allege facts that, if true, would satisfy the objective and subjective components applicable to all Eighth Amendment claims. *See McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994); *Wilson v. Seiter,* 501 U.S. 294, 302 (1991). The objective component focuses on the nature of the acts or practices alleged to constitute cruel and unusual punishment. *See Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992). The objective analysis examines whether the conditions of confinement "exceeded contemporary bounds of decency of a mature, civilized society." *Lunsford v. Bennett,* 17 F.3d 1574, 1579 (7th Cir. 1994). The condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir 1987).

In addition to showing objectively serious conditions, a plaintiff must also demonstrate the subjective component to an Eighth Amendment claim. The subjective component of

unconstitutional punishment is the intent with which the acts or practices constituting the alleged punishment are inflicted. *Jackson*, 955 F.2d at 22. The subjective component requires a prison official had a sufficiently culpable state of mind. *See Wilson*, 501 U.S. at 298; *McNeil*, 16 F.3d at 124. In conditions of confinement cases, the relevant state of mind is deliberate indifference to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837; *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *DelRaine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994). The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. at 842. A failure of prison officials to act in such circumstances suggests that the officials actually want the prisoner to suffer the harm. *Jackson*, 955 F.2d at 22.

As stated above, only where plaintiffs are deprived of basic human needs is there an Eighth Amendment claim. *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981). Further, there must be a substantial risk of harm to Plaintiff when he was denied the use of the yard for outdoor basketball recreation. Though sports fans may disagree, the ability to play basketball, or to engage in outdoor recreation in general, does not constitute a basic human need so as to qualify as cruel and unusual punishment where there is a deprivation. Further, Plaintiff has failed to allege that he was put at any sort of risk by his inability to engage in outdoor basketball or other outdoor activities. As a result, Plaintiff has failed to state a claim upon which relief can be granted, and this Count against Defendants Austin, Durham, Cushman, and GoForth is dismissed with prejudice.

**Unnamed Parties:**

Though Defendants Lute, Bradley, John Doe Lt., and Cowan are named in the caption of Plaintiff's complaint, they are not named elsewhere in the complaint. The reason that plaintiffs, even those proceeding pro se, for whom the Court is required to liberally construe their complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (a "short and plain" statement of the claim suffices under Fed. R. Civ. P. 8 if it notifies the defendant of the principal events upon which the claims are based); *Brokaw v. Mercer County*, 235 F.3d 1000, 1024 (7th Cir. 2000) ("notice pleading requires the plaintiff to allege just enough to put the defendant on notice of facts providing a right to recovery"). Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

Because Defendants Lute, Bradley, John Doe Lt., and Cowan are not named within the body of the complaint, they have not been properly put on notice of the claims against them. As a result, Defendants Lute, Bradley, John Doe Lt., and Cowan are dismissed from this action without prejudice.

**Severance of Claims:**

Rule 18(a) of the Federal Rules of Civil Procedure permits Plaintiff to assert all of his claims against one defendant in one civil action. As such, Plaintiff may properly bring Counts 1a, 1c, 2, and 5 in the same complaint because - in these Counts - Plaintiff seeks relief against

Defendant Austin. The joinder of Defendant Austin with Defendants Wilson, Walker, Benton, Hulick, Wingerter, Heck, Kisro, and GoForth in Counts 1a, 1c, and 2 of the complaint appears to be proper under Rule 20(a)(2) which provides:

> [A]ny right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action.

FED.R.CIV. P. 20(a)(2).

Counts 1b, 3, and 4 of the complaint, however, seek relief only against Defendants Hill, David, Blades, and Jordan. The claims asserted in Counts 1b, 3, and 4 do not appear to arise from the same transaction, occurrence, or series of transactions or occurrences as Counts 1a, 1c, 2, and 5. The Seventh Circuit recently confirmed that separate, unrelated claims belong in different suits. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). On review of the complaint, the claims against Defendants Hill, David, Blades, and Jordan in Counts 1b, 3, and 4 of the complaint are not sufficiently related to the claims against Defendants Austin, Wilson, Walker, Benton, Hulick, Wingerter, Heck, Kisro, GoForth, Durham, and Cushman in Counts 1a, 1c, 2, and 5 so as to allow them to proceed together in one lawsuit.

Plaintiff is **ADVISED** that the Court is inclined to sever Counts 1b, 3, and 4 . If these claims are severed, they would be removed from this case and opened in new cases. A new case number would be assigned to each claim and multiple filing fees would be assessed.

Because the imposition of a second filing fee may impose a financial burden on him, Plaintiff is **FURTHER ADVISED** that he may avoid severance (and the imposition of a second filing fee) by filing a motion to voluntarily dismiss Counts 1b, 3, and 4 without prejudice within

45 days of the date of this order. Before filing that motion, Plaintiff shall consider whether he could re-file the dismissed claims without running afoul of the applicable statute of limitations.

**Disposition**

**IT IS HEREBY ORDERED** that Defendants **WINGERTER, HECK, KISRO, GOFORTH, DURHAM,** and **CUSHMAN** are **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendants **WILSON, WALKER, AUSTIN, BENTON,** and **HULICK** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document

submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Frazier** for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to **United States Magistrate Judge Frazier** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED.R.CIV.P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 8, 2011**

    *s/J. Phil Gilbert*
    **United States District Judge**