UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARC NORFLEET,

    Plaintiff,

v.                                                     Case No. 10-cv-626-JPG

ILLINOIS DEPARTMENT OF CORRECTIONS,

    Defendant.

## MEMORANDUM AND ORDER

This matter comes before the Court on remand from the United States Court of Appeals for the Seventh Circuit (Doc. 52). *See Norfleet v. Walker*, No. 11-2137, 2012 WL 2520465 (7th Cir. July 2, 2012). Pursuant to directions in the mandate, the Court identifies the following claim that remains in plaintiff Marc Norfleet's lawsuit on remand:

- Count 6:    a claim under § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, for discriminatory denial of recreation.[1]

The Court of Appeals affirmed the disposition of the remaining claims in this case, *Norfleet*, 2012 WL 2520465 at *1, which were not included in the remand and are therefore no longer before this Court.

As for the proper defendants, Norfleet makes allegations regarding his recreation complaints against Austin, Durham, Cushman and Goforth. However, a Rehabilitation Act

---

[1] While the Court of Appeals suggested Norfleet may also have a claim under the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, such a claim would raise "the thorny question of sovereign immunity." *Jaros v. Illinois Dep't of Corr.*, No. 11-2567, 2012 WL 2552125 at * 4 (7th Cir. July 3, 2012). Because the relief available under the Rehabilitation Act and the ADA are coextensive, the analysis governing each is the same (except one additional element under the Rehabilitation Act that is not likely to be disputed in this case), and Norfleet can only receive one recovery, declining to recognize an ADA cause of action in this suit will have no impact on Norfleet's claim. *See, e.g., id.*

claim can only be brought against the Illinois Department of Corrections ("IDOC"), not its employees. *See Jaros v. Illinois Dep't of Corr.*, No. 11-2567, 2012 WL 2552125 at * 2 (7th Cir. July 3, 2012) (noting that "employees of the Department of Corrections are not amenable to suit under the Rehabilitation Act or the ADA").  However, claims against state agency officers in their official capacities are really claims against IDOC.  *See Jaros*, 2012 WL 2552125 at * 5, n. 2.  Norfleet has sued the defendants in their official capacities, so he has, in effect, sued IDOC. For this reason, the Court corrects the misnomer and, pursuant to Federal Rule of Civil Procedure 25(d), substitutes IDOC as the properly named defendant in this case.  No other defendants remain in this case.

In light of the fact that IDOC has not been served, **IT IS ORDERED** that the Clerk of Court shall prepare for defendant **ILLINOIS DEPARTMENT OF CORRECTIONS** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to the Director of IDOC, S.A. Godinez, 1301 Concordia Court, P.O. Box. 19277, Springfield, IL 62794.  If the defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the plaintiff shall serve upon the defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served

on the defendants or counsel.  If the plaintiff is incarcerated in a correctional facility that participates in the Electronic Filing Program, service may be made in accordance with General Order 2010-1 describing service under that program.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

The defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Frazier** for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to **United States Magistrate Judge Frazier** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Finally, the plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED.R.CIV.P. 41(b).

**IT IS SO ORDERED.**
**DATED:  August 1, 2012**

                                          s/ J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **DISTRICT JUDGE**