UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARC NORFLEET,

    Plaintiff,

v.

ILLINOIS DEPARTMENT OF CORRECTIONS,

    Defendant.

Case No. 10-cv-626-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Marc Norfleet's motion for substitution of judge (Doc. 107), which the Court construes as a motion to disqualify pursuant to 28 U.S.C. §§ 144, 445(a) and 455(b)(1).  His motion is in the form of an affidavit in which he states that:

- in another case Norfleet has before the Court (*Norfleet v. Godinez*, Case No. 15-cv-160-JPG), the Court untruthfully stated that all Norfleet's earlier cases had been randomly assigned to the undersigned judge;

- in various cases, the Court denied Norfleet's motions for access to the law library and his case file;

- in *Norfleet v. Walker*, Case No. 09-cv-347-JPG-PMF, the Court held a hearing on and then denied Norfleet's motion for a preliminary injunction;

- the Court treats Norfleet the way it does because of his appearance, of the Court's "stock" in the Illinois Department of Corrections, or political favors;

- the Court dismissed *Norfleet v. Walker*, Case No. 09-cv-347-JPG-PMF, because it found his allegation of poverty in a motion for leave to proceed *in forma pauperis* were untrue; and

- the Court relied on certain testimony in denying preliminary injunctive relief.

**I.**     **Recusal under 28 U.S.C. § 144**

Under 28 U.S.C. § 144, a judge must recuse himself "[w]henever a party . . . makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144.  "An

affidavit is sufficient if it avers facts that, if true, would convince a reasonable person that bias exists." *United States v. Balistrieri*, 779 F.2d 1191, 1199 (7th Cir. 1985); *accord O'Regan v. Arbitration Forums, Inc.*, 246 F.3d 975, 989 (7th Cir. 2001). The facts in the affidavit must be stated with particularity and must be definite as to times, places, persons and circumstances. They cannot be mere conclusions, opinions, or rumors. *O'Regan*, 246 F.3d at 989; *United States v. Sykes*, 7 F.3d 1331, 1339 (7th Cir. 1993); *Balistrieri*, 779 F.2d at 1199. The affidavit also must show "that the bias is personal rather than judicial, and that it stems from an extrajudicial source – some source other than what the judge has learned through participation in the case." *Balistrieri*, 779 F.2d at 1199 (citations omitted); *accord Sykes*, 3 F.3d at 1339. All allegations in the affidavit must be taken as true, even if the Court knows them to be false. *Sykes*, 7 F.3d at 1339; *Balistrieri*, 779 F.2d at 1199. Because the statute "is heavily weighed in favor of recusal," its requirements are to be strictly construed to prevent abuse. *Sykes*, 3 F.3d at 1339; *Balistrieri*, 779 F.2d at 1199.

Norfleet's statement regarding the random assignment of his cases is not based on personal knowledge and is therefore not proper affidavit testimony. Additionally, Norfleet's speculation about the reasons the Court treats Norfleet the way it does are not supported by particular facts showing an extrajudicial, personal bias. Finally, Norfleet's other complaints stem solely from his rulings in Norfleet's cases, which is not a proper basis for recusal under § 144. In sum, nothing Norfleet states in his affidavit would convince a reasonable person that bias exists.

## II.     Recusal under 28 U.S.C. § 455(a)

Under 28 U.S.C. § 455(a), a judge must disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." The standard set forth by this provision is objective and "asks whether a reasonable person perceives a significant risk that the judge will resolve the

case on a basis other than the merits." *In re Hatcher*, 150 F.3d 631, 637 (7th Cir. 1998) (quoting *Hook v. McDade*, 89 F.3d 350, 354 (7th Cir. 1996)). The decision to recuse turns not on the judge's actual partiality but on the appearance of partiality. *Hatcher*, 150 F.3d at 637 (citing *Liteky v. United States*, 510 U.S. 540, 548 (1994)). "Section 455(a) requires recusal if the judge's impartiality might reasonably be questioned by a well-informed, thoughtful observer rather than to a hypersensitive or unduly suspicious person." *O'Regan v. Arbitration Forums, Inc.*, 246 F.3d 975, 988 (7th Cir. 2001) (internal quotations omitted); *accord Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995). The risk of perceived partiality must be "substantially out of the ordinary" before recusal is justified. *Hook*, 89 F.3d at 354 (citing *In re Mason*, 916 F.2d 384, 385-86 (7th Cir. 1990)). Each occasion to consider recusal must be evaluated on its own facts and circumstances. *Nichols*, 71 F.3d at 351. Doubts about whether recusal is required, however, should be resolved in favor of recusal. *Hart*, 796 F.2d at 980; *Nichols*, 71 F.3d at 352.

For the same reasons the Court found recusal is not warranted under § 144, it finds that no well-informed, thoughtful observer would reasonably perceive, even considering the statements in Norfleet's affidavit, that there is a significant risk the undersigned judge would resolve this case on a basis other than the merits.

### III. Recusal under 28 U.S.C. § 455(b)(1)

Under 28 U.S.C. § 455(b)(1), a judge must recuse himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). As with § 144, bias justifying recusal under this statute must arise from an extrajudicial source. *O'Regan v. Arbitration Forums, Inc.*, 246 F.3d 975, 988 (7th Cir. 2001). "[N]either judicial rulings nor opinions formed by the judge as a result of current or

3

prior proceedings constitute a basis for recusal 'unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.'"  *United States v. White*, 582 F.3d 787, 807 (7th Cir. 2009) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

Nothing Norfleet states in his affidavit amounts to extrajudicial bias or the kind of favoritism or antagonism that warrants recusal under § 455(b)(1).

For the foregoing reasons, the Court **DENIES** Norfleet's motion for substitution of judge (Doc. 107).

**IT IS SO ORDERED.**
**DATED:   April 28, 2015**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**